# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2904

———————

United States of America,

        Appellee,

v.

Jorge Alberto Cortez-Jiminez,
also known as Jorge Alberto
Cortez-Jimenez,

        Appellant.

*
*
*
*
*  Appeal from the United States
*  District Court for the Southern
*  District of Iowa.
*
*  [UNPUBLISHED]
*
*
*

———————

Submitted: June 27, 2008
Filed: July 2, 2008

———————

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

A jury found Jorge Alberto Cortez-Jiminez guilty of conspiring to distribute more than 500 grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); and possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). Cortez-Jiminez also pleaded guilty to illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326(a). He faced an advisory Guidelines imprisonment range of 210-262 months on the drug offense and a statutory minimum of 60 months (consecutive) on the firearm offense. Granting a 30-month variance as to the drug offense, the district

court[1] sentenced him to a total of 240 months in prison and 5 years of supervised release. On appeal, counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court erred in applying a role enhancement under U.S.S.G. § 3B1.1(b) because, while the co-conspirators acted to benefit Cortez-Jiminez, they did not act under his authority, and there were not five participants in the conspiracy.

Reviewing the district court's determination that Cortez-Jiminez was a manager or supervisor for clear error, <u>see</u> <u>United States v. Plancarte-Vasquez</u>, 450 F.3d 848, 853 (8th Cir. 2006), we conclude that the court did not err in applying the enhancement. Undisputed facts established that at least five persons were involved in the conspiracy, and that Cortez-Jiminez exercised decision-making authority over the activities of some of the participants. <u>See</u> <u>United States v. Rosas</u>, 486 F.3d 374, 376 (8th Cir. 2007) (citing factors from U.S.S.G. § 3B1.1, comment. (n.4)); <u>United States v. Erhart</u>, 415 F.3d 965, 973 (8th Cir. 2005) ("[T]he simple fact that a defendant recruits new members into a conspiracy supports a finding of the defendant being a manager or supervisor.").

Having reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.